IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v().

GARY WAYNE FRASER,

        Defendant.

Case No. 24-CR-87-JFH

### OPINION AND ORDER

Before the Court is the Unopposed Motion for Leave to File Motion to Dismiss Indictment Out of Time ("Motion") filed by Defendant Gary Wayne Fraser ("Defendant"). Dkt. No. 38. For the reasons set forth, the Motion is DENIED.

On June 12, 2024, the Government filed the Indictment in this case. Dkt. No. 2. On June 18, 2024, the Court entered a scheduling order. Dkt. No. 17. Under the initial scheduling order, the deadline to file motions to dismiss for insufficiency of the incitement was June 24, 2024. *Id.* On June 25, 2024, Defendant moved to continue the trial and all related scheduling order dates. Dkt. No. 19. The Court granted the motion. Dkt. No. 24. Under the new scheduling order, the deadline to file motions to dismiss for insufficiency of the incitement was extended through July 15, 2024. Now, ten days after the expiration of the extended period, Defendant seeks to file a motion to dismiss for insufficiency of the incitement out of time. Dkt. No. 38.

The sufficiency of an indictment is determined by considering whether it "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "Where a defendant challenges the sufficiency of an indictment for failure

to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment." *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2023). On a motion to dismiss an indictment, "the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).

Here, Defendant states that in preparing for trial, his counsel "finds that there is a basis for a motion dismiss [the] indictment." However, Defendant does not state what this basis is. Nor does he explain why he could not have raised the issue before the original or the extended deadline expired.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion for Leave to File Motion to Dismiss Indictment Out of Time [Dkt. No. 38] is DENIED.

Dated this 26th day of July 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE